UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-75 |
| | § | |
| SHANNA LYNN PALMER. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Shanna Lynn Palmer's Motion to Modify Sentence (Doc. 3409). For the reasons that follow, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

I.

BACKGROUND

On May 5, 2016, this Court sentenced Defendant Shanna Lynn Palmer to 165 months of imprisonment and three years of supervised release based on her guilty plea to one count of possession of methamphetamine with intent to distribute. Doc. 1599, Plea Agreement, 1; Doc. 1784, Order; Doc. 2328, J., 2–3. Palmer is currently thirty-seven years old, and she is confined at the Carswell Federal Medical Center (FMC), with a scheduled release date of July 31, 2027.[1]

On June 16, 2020, Palmer filed a Motion to Modify Sentence (Doc. 3409). In her motion, Palmer asks the Court to modify her conditions of confinement so that she is subject to home confinement, rather than imprisonment. *See* Doc. 3409, Def.'s Mot., 1–2. In support of her request, Palmer invokes the Court's authority under 18 U.S.C. § 3582(c). *Id.* at 10. For the reasons set forth below, the Court **DENIES** Palmer's motion **WITHOUT PREJUDICE**.

---

[1] The Court accessed this information by searching for Palmer on the Bureau of Prisons' Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons (BOP)] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)) (footnote omitted). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on [her] behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020). Nonetheless, "several courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (per curiam) (Higginson, J., concurring) (citations omitted).

## III.

## ANALYSIS

As explained below, the Court denies Palmer's request for home confinement, because the

Court lacks the authority to modify her conditions in this manner. Next, to the extent Palmer seeks compassionate release, Palmer has not demonstrated exhaustion of her administrative remedies or circumstances justifying an exception to the exhaustion requirement. Finally, irrespective of the exhaustion issue, Palmer's motion presently fails to demonstrate extraordinary circumstances under § 3582(c)(1)(A).

A.   *The Court Lacks the Authority to Order Home Confinement Instead of Imprisonment.*

In her motion, Palmer asks the Court "to direct in home confinement," Doc. 3409, Def.'s Mot., 1, but the Court lacks the authority to grant this request. Rather, "such requests are properly directed to the [BOP]." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing, *inter alia*, 18 U.S.C. § 3624(c)). Indeed, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citations omitted). Thus, the Court cannot consider transfer of Palmer to home confinement and therefore **DENIES** her motion to the extent she requests this modification.

B.   *Insofar as Palmer Seeks Compassionate Release, Palmer Has Failed to Provide Proof of Exhaustion of Administrative Remedies or Circumstances Warranting an Exception.*

Although the Warden at Palmer's facility has denied her request for compassionate release, see Doc. 3409, Def.'s Mot., 46, Palmer has not demonstrated exhaustion of her administrative remedies. Specifically, Palmer has not attached any proof that upon receiving her denial from the Warden, Palmer administratively appealed this decision. *See id.* (providing Palmer with the opportunity to appeal the Warden's decision through a BP-9 form).

In addition, as explained below in the Court's discussion of the merits of Palmer's motion, Palmer has not persuaded the Court that she faces "unique circumstances or unusual factors"

warranting an exception to § 3582(c)(1)(A)'s exhaustion requirement. *United States v. Rakestraw*, 2020 WL 2119838, at *2 (N.D. Tex. Apr. 14, 2020), *adopted by* 2020 WL 2114844 (N.D. Tex. May 1, 2020).

Due to Palmer's failure to exhaust her administrative remedies or justify an exception to the exhaustion requirement, the Court **DENIES** Palmer's motion for compassionate release **WITHOUT PREJUDICE** to re-filing upon exhaustion of all administrative appeals.

C.    *Regardless of Exhaustion, Palmer Has Not Shown Extraordinary Circumstances.*

Irrespective of whether Palmer exhausted her administrative remedies, however, Palmer has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1.[2] In addition, to qualify for compassionate release, the defendant must not pose a danger to the community. § 1B1.13(2).

Applying the policy statement here, the Court concludes that Palmer has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

First, though the Court recognizes Palmer's productivity throughout her imprisonment, see, *e.g.*, Doc. 3409, Def.'s Mot., 13, Palmer's achievements do not constitute an extraordinary reason

---

[2] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1.

for release. *Cf.* § 1B1.13(1)(A) & cmt. 1 (focusing on a defendant's medical condition, age, and family circumstances as bases for compassionate release).

Nor do the general circumstances of confinement during the COVID-19 pandemic warrant compassionate release. *See* Doc. 3409, Def.'s Mot., 7. The Court recognizes the unprecedented nature of COVID-19 and understands Palmer's fear of contracting the virus. Nevertheless, incarcerated individuals across the nation face Palmer's circumstances. Thus, general statistics related to COVID-19 fail to demonstrate extraordinary circumstances specific to Palmer. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements").

In addition, though Palmer asserts that Carswell FMC has "failed at taking aggressive action to mitigate" the transmission of COVID-19, Doc. 3409, Def.'s Mot., 8, this argument too fails. As of June 19, 2020, Carswell FMC has recorded one inmate death and one inmate recovery from COVID-19. Without minimizing the tragedy of any COVID-19-related deaths, the Court notes that there are, nonetheless, currently no positive cases of COVID-19 at Carswell FMC.[3] With this data in mind, and absent any circumstances suggesting Palmer is particularly susceptible to contracting COVID-19, Carswell FMC's alleged shortcomings are not extraordinary reasons for compassionate release.

Finally, Palmer explains that her mother—presumably the caregiver of Palmer's minor child—suffers from stage-four liver cirrhosis, hypothyroidism, and hepatitis C. Doc. 3409, Def.'s Mot., 5. Palmer expresses her desire to be able to help her mother and care for her son. *Id.* at 5–6.

---

[3] The Court derives these statistics from https://www.bop.gov/coronavirus/.

Although a change in family circumstances can warrant compassionate release, Palmer's present circumstances fall short. Under § 1B1.13, "[t]he death or incapacitation of the caregiver of [a] defendant's minor child" constitutes an extraordinary and compelling reason for release. § 1B1.13(1)(A) & cmt. 1. Though § 1B1.13 does not elaborate upon "incapacitation," the BOP has published a Program Statement that courts rely upon for guidance in determining the propriety of compassionate release. *See, e.g.*, *United States v. Collins*, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (citing BOP Program Statement 5050.50). Under the Program Statement, for requests based on the incapacitation of a minor child's caregiver, "'incapacitation' means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." BOP Program Statement 5050.50, 7. Further, the Program Statement requires an inmate to submit, among many other documents, "verifiable medical documentation of the incapacitation[.]" *Id.*

Based on this guidance, Palmer's family situation does not rise to the level of extraordinary circumstances. As a preliminary matter, the Court is uncertain whether Palmer's mother is, indeed, the sole caregiver of Palmer's son. But assuming that she is, Palmer's mother does not qualify as incapacitated as that term is used in § 1B1.13. Though Palmer's mother, according to Palmer, suffers from several illnesses, Palmer has not suggested that her mother is now "incapable of caring for [Palmer's] child." BOP Program Statement 5050.50, 7. Moreover, Palmer has not provided any documentation of her mother's illnesses. As a result, the Court concludes that Palmer's description of her family's circumstances is insufficient to warrant her compassionate release at this time.

Accordingly, the Court **DENIES** Palmer's motion **WITHOUT PREJUDICE**, because she has not shown "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

## IV.

## CONCLUSION

To the extent Palmer asks the Court to impose home confinement, the Court lacks the authority to do so. And insofar as Palmer seeks compassionate release under § 3582(c)(1)(A), Palmer has not exhausted her administrative remedies. Further, even if Palmer had satisfied the exhaustion requirement, her motion does not demonstrate extraordinary and compelling reasons for compassionate release. For all of these reasons, the Court **DENIES** Palmer's motion (Doc. 3409) **WITHOUT PREJUDICE**.

By denying Palmer's motion without prejudice, the Court permits Palmer to file a subsequent motion for compassionate release in the event circumstances later rise to the level of extraordinary and compelling. Nevertheless, the Court reiterates that to grant compassionate release under § 3582(c)(1)(A), the Court must also conclude that Palmer "is not a danger to the safety of any other person or to the community[.]" § 1B1.13(2). Because the Court holds that Palmer has not exhausted her administrative remedies and currently lacks extraordinary reasons warranting release, the Court need not reach this issue today.

SO ORDERED.

SIGNED: June 23, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE